IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
*Wilkes-Barre Division*

| | |
|---|---|
| IN RE:<br>ATTIKIS J. DAVIS and KELLIE DAVIS<br><br>HSBC Bank USA, National Association, as Trustee for Fremont Home Loan Trust 2005-C,<br>Mortgage-Backed Certificates, Series 2005-C,<br>    Movant<br><br>vs.<br><br>ATTIKIS J. DAVIS and KELLIE DAVIS,<br>    Debtor | Case No. 5:21-bk-01355-HWV<br>Chapter 13 |

## OBJECTION TO CONFIRMATION
## OF DEBTORS' CHAPTER 13 PLAN

HSBC Bank USA, National Association, as Trustee for Fremont Home Loan Trust 2005-C, Mortgage-Backed Certificates, Series 2005-C ("Movant"), by and through its undersigned counsel, files this *Objection to Confirmation of Debtors' Chapter 13 Plan* (Doc 26), and states as follows:

    1.    The Debtors filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code on June 16, 2021.

    2.    Movant holds a security interest in the Debtors' real property located at **105 Kenneth Dr, Saylorsburg, PA 18321** (the "Property"), by virtue of a Mortgage which is recorded as instrument Number 200543083 in Official Records of Monroe County, Pennsylvania.

    3.    The Debtors filed a Chapter 13 Plan (the "Plan") on July 15, 2021 (Doc 26), to

which Movant objects for the following reasons:

4. Movant filed a Proof of Claim in this case on June 30, 2021 (Claim No. 5).

5. The Plan is based on paying Movant $1,650.13. Movant disputes that the Property is only worth $1,650.13.

6. Unless and until the Debtors file, and the Court rules on, a Motion to Value, it would be premature to consider confirmation of Debtors' Plan.

7. The Plan proposes to pay only 2% interest which Movant maintains is inadequate to assure that property distributed to Movant under the plan on account of its secured claim will have a value, as of the effective date of the plan, that is not less than the allowed amount of such claim.

8. In *Till V. SCS Credit Corp.*, 541 U.S. 465, 124 S.Ct.1951 (2004), the Supreme Court addressed the appropriate cram down interest rate under §1325 (a) (5) (B) (ii).

9. *Till* adopts the "formula approach" which begins by looking at the national prime rate, reported daily in the press, and then adding an appropriate "risk adjustment." Although *Till* does not specify what that risk adjustment should be, it states that courts have generally approved adjustments of 1% to 3%. Accordingly, Movant maintains that, without evidence why a different adjustment should be used, a risk adjustment of 2% should be reasonable.

**WHEREFORE**, Movant respectfully requests the entry of an Order which denies confirmation of the Plan unless such plan is amended to overcome the objections of Movant as stated herein, and for such other and further relief as the Court may deem just and proper.

> */s/ Mario Hanyon*
> Mario Hanyon
> (Bar No. 203993)
> Attorney for Creditor
> BROCK & SCOTT, PLLC
> 302 Fellowship Road, Ste 130
> Mount Laurel, NJ 08054

Telephone: 844-856-6646 x4560
Facsimile: 704-369-0760
E-Mail: pabkr@brockandscott.com